IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JACKIE W. HAYES | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv129 |
| KEITH GARY, SHERIFF OF GRAYSON COUNTY TEXAS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Jackie W. Hayes, an inmate confined in the Grayson County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Now before the Court is Defendant Dale Bryant's Emergency Motion to Limit Discovery (docket entry #86).

On June 7, 2010, the Court entered an Order to Show Cause ("OSC") requiring the Defendants in this matter to answer the complaint and for the parties to exchange disclosures of all information relevant to the claims or defenses of any party. On July 16, 2010, Defendants Gary, Mayo and Stacks moved to limit discovery pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) or, alternatively, to limit discovery to the issue of qualified immunity. On August 9, 2010, the Court entered an order vacating the broader discovery provision of its OSC and limiting discovery to the issue of qualified immunity, giving those Defendants 60 days in which to file dispositive motions accordingly. On August 24, 2010, those Defendants filed such a dispositive motion.

Subsequently, the Court discovered that Defendant Bryant apparently had not been served

1

or ordered to answer. Therefore, on September 8, 2010, the Court entered a second OSC requiring, *inter alia*, that:

> [W]ithin thirty days after the answer is filed, the parties are to disclose to each other all information relevant to the claims or defenses of any party. The parties shall promptly file a notice of disclosure after such disclosure has taken place. No further discovery will be allowed except on further order of the Court. Furthermore, Conferences under Rules 26(f) and 16(b), Fed. R. Civ. P., are not required except on further order of the Court.

OSC at 2. Service of process on Defendant Bryant was also ordered and he filed his answer on November 19, 2010. Under the terms of the OSC, his disclosure of "information relevant to the claims or defenses of any party" is due on Monday, December 20, 2010. Having waited until Thursday, December 16, 2010, to file, he now terms his motion an "emergency." *See* E.D. Tex. L.R. CV-7(m).

Defendant Bryant, like his co-defendants before him, raises Fed. R. Civ. P. 26(a)(1)(B)(iv) as the basis for his motion to limit discovery. That Rule states:

> Proceedings Exempt from Initial Disclosures. The following proceedings are exempt from initial disclosure:
>
> * * *
>
> (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state sub-division.

*See* Fed. R. Civ. P. 26(a)(1)(B)(iv).[1] This rule has not been interpreted by the United States Court of Appeals for the Fifth Circuit, nor, apparently, by any district court within the Fifth Circuit. It has been interpreted to some degree by the Eleventh Circuit (*Ray v. Equifax Information Servs., LLC*, 327 Fed. Appx. 819, 824 (11th Cir. 2009) (*per curiam*)) and by the Ninth Circuit (*London v.*

---

[1] This Rule was not changed in the most recent amendments to the Federal Rules of Civil Procedure that became effective December 1, 2010.

*Williams*, 2009 WL 567883, at *1 (9th Cir. Mar. 6, 2009) (*mem. op.*) and *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008) (*per curiam*), *cert. denied*, 129 S. Ct. 2852, 174 L. Ed. 2d 551 (2009)), as well as several district courts in various circuits.

In *Ray*, the Eleventh Circuit held with regard to Rule 26(a)(1)(B)(iv) that "defendants in civil actions brought by *pro se* prisoners are not subject to the initial disclosure requirements," nor to the Rule 26(f) discovery conference rules, and affirmed a district court's denial of discovery. *Ray*, 327 Fed. Appx. at 824. However, the Eleventh Circuit did not state whether the district court had initially entered an order allowing any form or limitation of discovery, which is the case here. Therefore, the decision is only partially helpful. The same is generally true of the Ninth Circuit's decision in *London*, 2009 WL 567883, at *1 (holding that defendants were under no obligation to disclose an expert witness upon whose declaration the district court relied in granting summary judgment, citing Fed. R. Civ. P. 26(a)(1)(B)(ii)). The Ninth Circuit's decision in *In re Arizona* merely addresses, briefly, the tension between Rule 26(a)(1)(B)(iv) and Rule 26(b)(1), which states in pertinent part, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *In re Arizona*, 528 F.3d at 657. None of these Court of Appeals decisions is directly on point here.

However, district court opinions outside the Fifth Circuit do address this issue squarely. As the Eastern District of California recently observed:

> The Advisory Committee Notes to Rule 26 make clear, however, that even in a case excluded by subdivision (a)(1)(B) "the court can order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26, Advisory Comm. Note (2000 Am.)[.]

*Lamon v. Adams*, 2009 WL 2780488, at *1 (E.D. Cal. Aug. 31, 2009) (holding that "requiring the parties to comply with the initial disclosure provisions of Rule 26(a)(1) will benefit the parties and

the Court by allowing the early identification of factual, legal, and evidentiary issues . . ." but not requiring a meet and confer or joint case management report). The 2000 Advisory Committee Note quoted above survives the amendments and committee notes made effective December 1, 2010. Further, in *Boles v. Lewis*, 2009 WL 2021734, at *1 (W.D. Mich. July 7, 2009), the district court observed that Rule 26(a)(1)(A) states:

> Except as exempted by Rule 26(a)(1)(B) *or as otherwise stipulated or ordered by the court*, a party must, without awaiting a discovery request, provide to the other parties . . .

Fed. R. Civ. P. 26(a)(1)(A)[2] (listing initial disclosures) (emphasis added); *see also Boles*, 2009 WL 2021734, at *1 n.1. There, the district court ruled that its case management order, which established a schedule for Rule 26(a)(1) disclosures, overrode "the general exemption found in Rule 26(a)(1)(B)(iv)." *Boles*, 2009 WL 2021734, at *1. Therefore, it is clear that a court order directing disclosures, whether the full range of Rule 26 initial disclosures or something more limited, supercedes the *pro se* prisoner exemption at Rule 26(a)(1)(B)(iv). Here, this Court's OSC provision compelling "the parties [ ] to disclose to each other all information relevant to the claims or defenses of any party" is such an order that supercedes the *pro se* prisoner exemption.

Construction of Rule 26(a)(1)(B)(iv) notwithstanding, however, it has long been the policy within the Fifth Circuit to limit discovery to issues surrounding a claim of qualified immunity when appropriate. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Kastner v. Lawrence*, 2010 WL 3023304, at *3 (5th Cir. July 23, 2010) (*per curiam*). The Court clarifies that this policy was the basis for its Order of August 8, 2010, granting relief from broader-ranging discovery while permitting discovery limited to the subject of qualified immunity to go forward, not simply the effect

---

[2] This Rule also was not changed in the December 1, 2010, amendments.

of Rule 26(a)(1)(B)(iv).  Petitioner has argued that qualified immunity does not shelter any of the Defendants, including Defendant Bryant.  Therefore, the Court will again limit discovery in Defendant Bryant's case to those issues regarding qualified immunity for a period of time and *sua sponte* afford him the opportunity file a dispositive motion on that basis, although his answer does not explicitly assert qualified immunity.  In the interim, the Court will reserve ruling on the remaining Defendants' dispositive motion until Defendant Bryant files his, in the interest of judicial economy.  The Court notes that Plaintiff filed new objections to the limitation on discovery on December 15, 2010 (docket entry #85).  The Court will overrule these objections and extend the limit on discovery until it has ruled on all dispositive motions filed by the deadline established below.  It is therefore

**ORDERED** that Defendant Bryant's Emergency Motion to Limit Discovery (docket entry #86) is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that Defendant Bryant will have until February 1, 2011, to file a dispositive motion, including on the issue of qualified immunity.  It is further

**ORDERED** that discovery in this matter will remain limited to the issue of qualified immunity until such time as the Court rules on any dispositive motions filed under the provisions cited above.  It is finally

**ORDERED** that Plaintiff's objections to the limitation on discovery (docket entry #85) are **OVERRULED**.

**SIGNED** this 17th day of December, 2010.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE